NO. 07-03-0219-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 7, 2004


______________________________




LYNDA RISINGER-HERSEY AND REGINALD S.Y. LEE, APPELLANTS



V.



CYNTHIA HERSEY, TRUSTEE OF THE FRANK J. HERSEY FAMILY TRUST,


JUSTIN HERSEY AND TRAVIS HERSEY, ET AL., APPELLEES


_________________________________




FROM THE COUNTY COURT AT LAW NO. 1 OF MONTGOMERY COUNTY;



NO. 01-15925-P; HONORABLE DENNIS WATSON, JUDGE


_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ON MOTION FOR ORDER DIRECTING


SUPPLEMENTATION OF CLERK'S RECORD



 Before the court is appellees' motion for an order directing the trial court clerk to
supplement the clerk's record in this appeal. The motion recites the clerk's record filed in
this court on March 26, 2004 omitted numerous documents designated for inclusion by
appellees on June 11, 2003, and August 20, 2003. The motion lists thirty-two items from
trial court cause number 98-17,027-P and nineteen items from cause number 01-15925. 
The motion asks this court to issue an order directing the trial court clerk to include these
documents in a supplemental record. It also recites appellant opposes the motion. No
written response to the motion has been filed. Because the motion fails to show
intervention of the court is necessary or appropriate at this juncture, we deny the motion.

 The present motion was filed June 9, 2004. Appellees' counsel has been in
possession of the clerk's record since May 25, 2004 for the purpose of preparing appellees'
brief. Without a copy of the clerk's record we would be unable to properly consider the
present motion. Moreover, Rule of Appellate Procedure 34.5(c)(1) authorizes a party to
direct a trial court clerk to prepare and file a supplemental record when relevant items have
been omitted from the clerk's record. Appellees have not demonstrated that the trial court
clerk has refused to file a supplemental record on proper request pursuant to Rule
34.5(c)(1). 

 With respect to items from the record of trial court cause number 98-17,027-P, we
refer appellees also to our discussion in orders issued this date in related appellate cause
numbers 07-03-0339-CV and 07-04-0041-CV, concerning the limits of permissible
supplementation of the record under Rule of Appellate Procedure 34.5(c).

 We deny appellees' motion without prejudice to its refiling on a showing that the
court's intervention is necessary with respect to the preparation of a supplemental record
containing omitted items from the record of trial court cause number 01-15925 properly
designated by appellees for inclusion in the appellate record, or on a showing that
supplementation of the record with other items is required under the Rules of Appellate
Procedure.

 Per Curiam



AN>, 934 S.W.2d 92, 101-02 (Tex.Crim.App. 1996);
Montgomery v. State, 810 S.W.2d. 372, 390 (Tex.Crim.App. 1990) (op. on reh'g). A
reviewing court should not reverse a trial judge whose ruling was within the zone of
reasonable disagreement. Green, 934 S.W.2d at 102; see also Montgomery, 810 S.W.2d
at 391.

 Under Rule 412(b), evidence of specific instances of past sexual behavior is not
admissible unless it meets a two prong test. Under the first prong, the evidence must: (a)
be necessary to rebut scientific or medical evidence offered by the State; (b) be of past
sexual behavior with the accused that is offered to show consent of the victim; (c) relate to
motive or bias of the victim; (d) be admissible for impeachment under Rule 609; or (e) be
constitutionally required to be admitted. Additionally, under the second prong, the probative
value of the evidence must outweigh the danger of unfair prejudice. Rule 412(b)(2). In
this case, appellant requested a Rule 412 hearing to determine the admissibility of the
victim's mother's testimony. See Rule 412(c). During the hearing, appellant contended
that the testimony was admissible because it related to motive or bias of the victim, and
that the testimony's admission was constitutionally required. (2) Appellant contends that the
evidence was relevant to show that victim and another of the State's witnesses previously
engaged in sexual contact and were motivated to lie, presumably to conceal her activity
with the State's witness. (3) The trial court ruled that the testimony was protected, i.e.
inadmissible, under Rule 412 and further determined that appellant had failed to show how
the probative value of the testimony outweighed the danger of unfair prejudice. Since the
record shows that the trial court did not believe that appellant had met its burden to show
the probative value of the testimony, we will assume without deciding, that the testimony
met the first prong of Rule 412, and will review the trial court's decision on the second
prong for abuse of discretion. 

 Appellant offered the mother's testimony regarding the victim's sexual history as
probative of the victim's motive to lie. However, appellant had three other witnesses testify
as to their opinion of the victim's truthfulness, and thus, was able to put the issue of
truthfulness before the jury. Further, the victim testified and was subject to cross-examination by appellant. 

 In contrast, evidence of the sexual history of a victim is to be highly scrutinized for
its probative value. Allen v. State, 700 S.W.2d 924, 929 (Tex.Crim.App.1985); Burks v.
State, 40 S.W.3d 698, 699 (Tex.App.-Waco 2001, pet. ref'd). In sexual assault
prosecution, the "rape shield law" protects complainant's previous sexual conduct from
public exposure except in limited circumstances, and attempts to avoid abusive,
embarrassing, and irrelevant inquiries into the victim's private life. Wofford v. State, 903
S.W.2d 796, 798 (Tex.App.-Dallas 1995, pet. ref'd). When the cumulative nature of the
excluded testimony is compared to the risk of unfair prejudice to the victim, we conclude
that the trial court's ruling on the testimony was within the zone of reasonable
disagreement. Thus, we conclude that the excluded testimony of the victim's sexual history
was cumulative of the opinion testimony of her untruthfulness and, therefore, held little
probative value. Further, the trial court did not abuse its discretion in excluding the
mother's proposed testimony of the victim's sexual history. We overrule appellant's issue. 

Conclusion

 Having overruled appellant's issue, we affirm. 


 Mackey K. Hancock

 Justice

 






 


Do not publish. 






 
1. Further reference to the Texas Rules of Evidence will be by reference to "Rule __."
2. Appellant failed to argue how the excluded testimony was required by the
constitution. Thus, this argument is not before us for review. Tex. R. App. P. 33.1.
3. On appeal, appellant further contends that the victim was motivated to testify falsely
to remove appellant from the household. However, appellant's contention on appeal does
not correspond to his objection at the Rule 412 hearing. Hence, he has failed to preserve
error on this contention. Tex. R. App. P. 33.1; See Goff v. State, 921 S.W.2d 537, 551
(Tex.Crim.App. 1996).