NO. 07-04-0383-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



DECEMBER 21, 2005



______________________________


 

CALVIN DEWAYNE COFER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 7TH DISTRICT COURT OF SMITH COUNTY;



NO. 007-1754-03; HONORABLE KERRY L. RUSSELL, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Calvin DeWayne Cofer, appeals his conviction for aggravated sexual
assault of a child and his sentence of 35 years incarceration in the Institutional Division of
the Texas Department of Criminal Justice. We affirm.

Background

 Appellant was the stepfather of the victim, K.M.K., and was living in the home with
the victim, her mother, and her brother for approximately five years. In August 2003,
K.M.K. told a teacher that her stepfather had been sexually assaulting her; K.M.K. told the
teacher that appellant began sexually assaulting her in April 2003 when she was 13 years
old, and that he had assaulted her on more than one occasion. After the teacher reported
the allegations to the authorities, appellant was charged with aggravated sexual assault of
a child.

 At trial, appellant attempted to call the victim's mother to testify, however, the trial
court ruled a portion of her testimony as inadmissible under Texas Rule of Evidence 412,
commonly referred as the "rape shield law." See Tex. R. Evid. 412. (1) Specifically, the court
ruled that the mother would not be allowed to testify about the victim's self-stimulation nor
the victim's sexual conduct with two other juveniles. Although the victim's mother was not
allowed to testify about the victim's sexual history, she was allowed to testify that the victim
has a reputation for untruthfulness. Further, appellant presented the victim's aunt and uncle
who testified that it was their opinion that the victim was untruthful. Nevertheless, the jury
found appellant guilty and assessed a punishment of 35 years incarceration in the
Institutional Division of the Texas Department of Criminal Justice. 

 Appellant presents one issue. Appellant contends that the trial court erred in
excluding the victim's mother's testimony under Rule 412 regarding the victim's prior sexual
history. We affirm.


Exclusion of Testimony

 A trial court's decision to admit or exclude evidence is reviewed under an abuse
of discretion standard. See Green v. State, 934 S.W.2d 92, 101-02 (Tex.Crim.App. 1996);
Montgomery v. State, 810 S.W.2d. 372, 390 (Tex.Crim.App. 1990) (op. on reh'g). A
reviewing court should not reverse a trial judge whose ruling was within the zone of
reasonable disagreement. Green, 934 S.W.2d at 102; see also Montgomery, 810 S.W.2d
at 391.

 Under Rule 412(b), evidence of specific instances of past sexual behavior is not
admissible unless it meets a two prong test. Under the first prong, the evidence must: (a)
be necessary to rebut scientific or medical evidence offered by the State; (b) be of past
sexual behavior with the accused that is offered to show consent of the victim; (c) relate to
motive or bias of the victim; (d) be admissible for impeachment under Rule 609; or (e) be
constitutionally required to be admitted. Additionally, under the second prong, the probative
value of the evidence must outweigh the danger of unfair prejudice. Rule 412(b)(2). In
this case, appellant requested a Rule 412 hearing to determine the admissibility of the
victim's mother's testimony. See Rule 412(c). During the hearing, appellant contended
that the testimony was admissible because it related to motive or bias of the victim, and
that the testimony's admission was constitutionally required. (2) Appellant contends that the
evidence was relevant to show that victim and another of the State's witnesses previously
engaged in sexual contact and were motivated to lie, presumably to conceal her activity
with the State's witness. (3) The trial court ruled that the testimony was protected, i.e.
inadmissible, under Rule 412 and further determined that appellant had failed to show how
the probative value of the testimony outweighed the danger of unfair prejudice. Since the
record shows that the trial court did not believe that appellant had met its burden to show
the probative value of the testimony, we will assume without deciding, that the testimony
met the first prong of Rule 412, and will review the trial court's decision on the second
prong for abuse of discretion. 

 Appellant offered the mother's testimony regarding the victim's sexual history as
probative of the victim's motive to lie. However, appellant had three other witnesses testify
as to their opinion of the victim's truthfulness, and thus, was able to put the issue of
truthfulness before the jury. Further, the victim testified and was subject to cross-examination by appellant. 

 In contrast, evidence of the sexual history of a victim is to be highly scrutinized for
its probative value. Allen v. State, 700 S.W.2d 924, 929 (Tex.Crim.App.1985); Burks v.
State, 40 S.W.3d 698, 699 (Tex.App.-Waco 2001, pet. ref'd). In sexual assault
prosecution, the "rape shield law" protects complainant's previous sexual conduct from
public exposure except in limited circumstances, and attempts to avoid abusive,
embarrassing, and irrelevant inquiries into the victim's private life. Wofford v. State, 903
S.W.2d 796, 798 (Tex.App.-Dallas 1995, pet. ref'd). When the cumulative nature of the
excluded testimony is compared to the risk of unfair prejudice to the victim, we conclude
that the trial court's ruling on the testimony was within the zone of reasonable
disagreement. Thus, we conclude that the excluded testimony of the victim's sexual history
was cumulative of the opinion testimony of her untruthfulness and, therefore, held little
probative value. Further, the trial court did not abuse its discretion in excluding the
mother's proposed testimony of the victim's sexual history. We overrule appellant's issue. 

Conclusion

 Having overruled appellant's issue, we affirm. 


 Mackey K. Hancock

 Justice

 






 


Do not publish. 






 
1. Further reference to the Texas Rules of Evidence will be by reference to "Rule __."
2. Appellant failed to argue how the excluded testimony was required by the
constitution. Thus, this argument is not before us for review. Tex. R. App. P. 33.1.
3. On appeal, appellant further contends that the victim was motivated to testify falsely
to remove appellant from the household. However, appellant's contention on appeal does
not correspond to his objection at the Rule 412 hearing. Hence, he has failed to preserve
error on this contention. Tex. R. App. P. 33.1; See Goff v. State, 921 S.W.2d 537, 551
(Tex.Crim.App. 1996).