NO. 07-04-0383-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 21, 2005

_____

CALVIN DEWAYNE COFER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 7TH DISTRICT COURT OF SMITH COUNTY;

NO. 007-1754-03; HONORABLE KERRY L. RUSSELL, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

_____MEMORANDUM OPINION

Appellant, Calvin DeWayne Cofer, appeals his conviction for aggravated sexual assault of a child and his sentence of 35 years incarceration in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Background

Appellant was the stepfather of the victim, K.M.K., and was living in the home with the victim, her mother, and her brother for approximately five years. In August 2003,

K.M.K. told a teacher that her stepfather had been sexually assaulting her; K.M.K. told the teacher that appellant began sexually assaulting her in April 2003 when she was 13 years old, and that he had assaulted her on more than one occasion. After the teacher reported the allegations to the authorities, appellant was charged with aggravated sexual assault of a child.

At trial, appellant attempted to call the victim's mother to testify, however, the trial court ruled a portion of her testimony as inadmissible under Texas Rule of Evidence 412, commonly referred as the "rape shield law." See TEX. R. EVID. 412.[1] Specifically, the court ruled that the mother would not be allowed to testify about the victim's self-stimulation nor the victim's sexual conduct with two other juveniles. Although the victim's mother was not allowed to testify about the victim's sexual history, she was allowed to testify that the victim has a reputation for untruthfulness. Further, appellant presented the victim's aunt and uncle who testified that it was their opinion that the victim was untruthful. Nevertheless, the jury found appellant guilty and assessed a punishment of 35 years incarceration in the Institutional Division of the Texas Department of Criminal Justice.

Appellant presents one issue. Appellant contends that the trial court erred in excluding the victim's mother's testimony under Rule 412 regarding the victim's prior sexual history. We affirm.

---

[1]Further reference to the Texas Rules of Evidence will be by reference to "Rule __."

Exclusion of Testimony

A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard. See Green v. State, 934 S.W.2d 92, 101-02 (Tex.Crim.App. 1996); Montgomery v. State, 810 S.W.2d. 372, 390 (Tex.Crim.App. 1990) (op. on reh'g). A reviewing court should not reverse a trial judge whose ruling was within the zone of reasonable disagreement. Green, 934 S.W.2d at 102; see also Montgomery, 810 S.W.2d at 391.

Under Rule 412(b), evidence of specific instances of past sexual behavior is not admissible unless it meets a two prong test. Under the first prong, the evidence must: (a) be necessary to rebut scientific or medical evidence offered by the State; (b) be of past sexual behavior with the accused that is offered to show consent of the victim; (c) relate to motive or bias of the victim; (d) be admissible for impeachment under Rule 609; or (e) be constitutionally required to be admitted. Additionally, under the second prong, the probative value of the evidence must outweigh the danger of unfair prejudice. Rule 412(b)(2). In this case, appellant requested a Rule 412 hearing to determine the admissibility of the victim's mother's testimony. See Rule 412(c). During the hearing, appellant contended that the testimony was admissible because it related to motive or bias of the victim, and that the testimony's admission was constitutionally required.[2] Appellant contends that the evidence was relevant to show that victim and another of the State's witnesses previously engaged in sexual contact and were motivated to lie, presumably to conceal her activity

---

[2]Appellant failed to argue how the excluded testimony was required by the constitution. Thus, this argument is not before us for review. TEX. R. APP. P. 33.1.

with the State's witness.[3]   The trial court ruled that the testimony was protected, i.e. inadmissible, under Rule 412 and further determined that appellant had failed to show how the probative value of the testimony outweighed the danger of unfair prejudice.  Since the record shows that the trial court did not believe that appellant had met its burden to show the probative value of the testimony, we will assume without deciding, that the testimony met the first prong of Rule 412, and will review the trial court's decision on the second prong for abuse of discretion.

Appellant offered the mother's testimony regarding the victim's sexual history as probative of the victim's motive to lie.  However, appellant had three other witnesses testify as to their opinion of the victim's truthfulness, and thus, was able to put the issue of truthfulness before the jury.  Further, the victim testified and was subject to cross-examination by appellant.

In contrast, evidence of the sexual history of a victim is to be highly scrutinized for its probative value.  Allen v. State, 700 S.W.2d 924, 929 (Tex.Crim.App.1985); Burks v. State, 40 S.W.3d 698, 699 (Tex.App.–Waco 2001, pet. ref'd).   In sexual assault prosecution, the "rape shield law" protects complainant's previous sexual conduct from public exposure except in limited circumstances, and attempts to avoid abusive, embarrassing, and irrelevant inquiries into the victim's private life.  Wofford v. State, 903

---

[3]On appeal, appellant further contends that the victim was motivated to testify falsely to remove appellant from the household.  However, appellant's contention on appeal does not correspond to his objection at the Rule 412 hearing.  Hence, he has failed to preserve error on this contention.  TEX. R. APP. P. 33.1; See Goff v. State, 921 S.W.2d 537, 551 (Tex.Crim.App. 1996).

S.W.2d 796, 798 (Tex.App.–Dallas 1995, pet. ref'd).  When the cumulative nature of the excluded testimony is compared to the risk of unfair prejudice to the victim, we conclude that the trial court's ruling on the testimony was within the zone of reasonable disagreement.  Thus, we conclude that the excluded testimony of the victim's sexual history was cumulative of the opinion testimony of her untruthfulness and, therefore, held little probative value.  Further, the trial court did not abuse its discretion in excluding the mother's proposed testimony of the victim's sexual history.  We overrule appellant's issue.


Conclusion


Having overruled appellant's issue, we affirm.



Mackey K. Hancock
Justice




Do not publish.


5