William Earl REYNOLDS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 06–94–00062–CR.

Court of Appeals of Texas,
Texarkana.

Argued Dec. 1, 1994.
Decided Dec. 6, 1994.

Duane G. Stephens, Tyler, for appellant.

Henry Whitley, Asst. Dist. Atty., Quitman, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

William Reynolds appeals his conviction for the offense of aggravated sexual assault of an eleven-year-old child. A pivotal question on appeal concerns the trial court's exclusion of certain defensive evidence. We conclude that the trial court erred in excluding the evidence and reverse.

As a part of its case, the State offered as State's Exhibit One a medical report from Warren Hatley, M.D., concerning the child victim. The report was admitted without objection. Within the report is a note pertaining to the doctor's physical examination stating that, "The vaginal introitus appears to be slightly stretched." Another notation on the report relates that, "The patient denies any sexual abuse by other people or any other consentual (sic) sexual intercourse."

In the defense's presentation, it offered to prove through the child that she had had sex with three other men over a period of time. It also offered to prove through a letter written by the child to her grandmother that she had been sexually abused for seven years, which abuse started when another man, not the defendant, lived with the child. This evidence was offered to explain or rebut the doctor's report, the only medical evidence.

The trial court categorically refused to allow any of such evidence. The apparent basis for the ruling, as given by the court, was that "The kid is not old enough."[1] Rule of evidence 412, entitled Evidence of Previous Sexual Conduct, governs our decision. It provides in relevant part that:

(b) In a prosecution for sexual assault or aggravated sexual assault, or attempt to commit sexual assault or aggravated sexual assault, evidence of specific instances of an alleged victim's past sexual behavior is also not admissible, unless:

. . . .

(2) it is evidence (A) that is necessary to rebut or explain scientific or medical evidence offered by the state; . . . .

TEX.R.CRIM.EVID. 412(b)(2).

The State's medical evidence showed that the child's vaginal introitus was stretched. That might be explained by the child's previous sexual conduct with men other than Reynolds. The medical report also reflected the child's denial of any other sexual abuse or "consensual" sexual intercourse. That might be rebutted by the child's testimony and letter admitting substantial other sexual conduct. We are compelled to the conclusion that the trial court erred in excluding the defensive evidence.

Under Rule 81(b)(2), once an error is discovered, the appellate court is obligated to reverse the judgment unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment. TEX. R.APP.P. 81(b)(2); *Mallory v. State*, 752 S.W.2d 566, 570 (Tex.Crim.App.1988). The question is not whether in our judgment the result is correct but whether the jury *might have* been influenced by the error. *Leos v. State*, 883 S.W.2d 209, 212 (Tex.Crim.App. 1994).

The erroneously excluded evidence would have explained the medical evidence which tended to show that the child had a stretched vaginal introitus. It also would have refuted the indication in the medical report that the only sexual contacts were with the defendant. This might have influenced the jury. We cannot conclude beyond a reasonable doubt

---

1. The court may have been thinking of another part of Rule 412. At the time of trial, Rule 412(e) provided:

   This rule does not limit the right of the accused to produce evidence of promiscuous sexual conduct of a child 14 years old or older as a defense to sexual assault, aggravated sexual assault, indecency with a child or an attempt to commit any of the foregoing crimes. If such evidence is admitted, the court shall instruct the jury as to the purpose of the evidence and as to its limited use.

   Section (e) was disapproved by the legislature, effective Sept. 1, 1994, in Acts 1993, 73rd Leg., ch. 900, Section 1.17, under the terms of Section 22.109(b) of the Government Code.

that the error did not contribute to the conviction.

Reynolds' attorney raises other points of error on appeal. However, in light of our disposition of this appeal, there is no need to address these points.

*The judgment is reversed, and the cause is remanded for a new trial.*