**Donnell BURKS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 10–98–362–CR.**

Court of Appeals of Texas, Waco.

Feb. 28, 2001.

Michael B. Roberts, Waco, for appellant.

John W. Segrest, McLennan County Dist. Atty., Kelli A. Fernandez, McLennan County Asst. Dist. Atty., Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

GRAY, Justice.

Donnell Burks was tried and convicted of two counts of sexual assault and two counts of indecency with a child. There

were two victims. One count of sexual assault and one count of indecency with a child related to each victim. Both victims were under the age of 14. At the time of the conduct and at the time of trial, Burks was married to the mother of the victims. Burks contends on appeal that the trial court erred in not admitting into evidence a hand written note that was allegedly written by S. O., one of the victims. The note contains a crude reference that the victim had previously engaged in sexual intercourse.

At trial and on appeal, Burks contends the note was offered and was admissible to rebut or explain medical evidence offered by the State. Burks had also at trial contended that the note was an exception to the hearsay rule and was offered as impeachment of the victim. The trial court sustained each of the State's objections to these proffers. The issue on appeal is only whether the note was properly excluded under Rule 412 of the Texas Rules of Evidence. We affirm the convictions.

PRIOR SEXUAL CONDUCT

Prior sexual conduct of the victim of rape or sexually assaultive conduct has been the subject of considerable judicial scrutiny. *See Allen v. State*, 700 S.W.2d 924, 929–30 (Tex.Crim.App.1985)(construing former Texas Penal Code Section 21.13). The legislature took steps to protect the victims of sexually assaultive crimes from having their prior sexual activity paraded before the jury when it served no purpose other than to humiliate or embarrass the victim, and thus possibly keep the victim from testifying. *Id.* at 929.

Protection of the victim has now been incorporated into the rules of evidence. TEX.R. EVID. 412. Rule 412 and the related statutes are generally known as rape shield laws. The portion of the rule which Burks contends is relevant to this case provides as follows:

Rule 412. Evidence of Previous Sexual Conduct in Criminal Cases

\* \* \*

(b) Evidence of Specific Instances. In a prosecution for sexual assault or aggravated sexual assault, or attempt to commit sexual assault or aggravated sexual assault, evidence of specific instances of an alleged victim's past sexual behavior is also not admissible, unless:

(1) such evidence is admitted in accordance with paragraphs (c) and (d) of this rule;

(2) it is evidence:

(A) that is necessary to rebut or explain scientific or medical evidence offered by the State;

\* \* \*

and

(3) its probative value outweighs the danger of unfair prejudice.

TEX.R. EVID. 412(b).

The proponent of evidence must overcome each proper objection made to the admission of the evidence. Burks offered the note under Rule 412. In addition to contesting the applicability of Rule 412 to admit the note into evidence, the State also objected to admission of the note as hearsay. Burks argued a hearsay exception. The trial court sustained each of the State's objections to the introduction of the note. We will first address the question of whether the note was inadmissible hearsay.

THE NOTE

The nature of the note at issue in this case must be carefully evaluated. It is also necessary to understand the relative positions or alliances of the witnesses. S. O.'s mother, Stella, testified on behalf of

Burks, her husband. Stella testified that she did not believe the allegations of her daughters. At the time of trial, she was still married to Burks and continued to visit him in jail and provide him money. Stella testified her daughters were antagonistic to Burks because he wanted to move the family to Dallas, and they did not want to move.

A hearing was held outside the presence of the jury. Stella testified that the note was discovered by her mother, Ola Mae, sometime in 1996. The assaults by Burks were alleged to have been committed in May of 1996. Stella also testified that the note was in S. O.'s handwriting. Ola Mae, with whom the victims and their other sisters live, did not testify.

S. O. denied that she wrote the note. She testified that she had a friend by the name to whom the note was addressed. But, she specifically denied writing that friend this or any other note. When examined at Planned Parenthood, she denied that she had engaged in sexual intercourse with anyone. After a subsequent visit to a different doctor in Temple, S. O. claimed that she was touched by Burks's hands and his "private" but denied that she had intercourse with him. However, she described the acts which Burks did to her. Based upon S. O.'s description of Burks's acts and the resulting consequences; difficulty walking, discomfort, and vaginal bleeding, a question was raised as to what her definition of intercourse would have been. The note is crudely worded and uses terms that adults would equate to sexual intercourse. It is not dated. There are no references from which a date could be determined. It makes a vague reference to a location in East Waco where S. O. had engaged in sexual intercourse with an unidentified "sexy boy." It is "addressed" to a friend of S. O.'s, with the admonition, "Don't show [any]body."

There is nothing about the note that assists in the identity of the other person involved in the sexual act.

## STANDARD OF REVIEW

When admitting or excluding evidence, the trial court is allowed to use its discretion. *Montgomery v. State,* 810 S.W.2d 372, 379–80 (Tex.Crim.App.1990); *Castaldo v. State,* 32 S.W.3d 413, 422 (Tex.App.—Waco 2000, pet. filed). As an appellate court, we should not set aside the trial court's ruling absent a showing on the record that the trial court abused its discretion. *Id.*

## HEARSAY EXCEPTION

The note was an out of court statement offered to prove the truth of the matter asserted; that being, S. O. had previous sexual relations. It is hearsay and inadmissible, unless admissible under another statute or rule. TEX.R. EVID. 802. To avoid application of this rule, Burks contends that the exhibit was admissible as an exception to the hearsay rule as a statement against interest. Burks argues that the note would subject S. O. to "hatred, ridicule, or disgrace," thus making it admissible under Rule 803(24). This exception provides:

> (24) Statement Against Interest. A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, or to make the declarant an object of hatred, ridicule, or disgrace, that a reasonable person in declarant's position would not have made the statement unless believing it to be true. In criminal cases, a statement tending to expose the declarant to criminal liability is not admissible unless corroborating

circumstances clearly indicate the trustworthiness of the statement. Tex.R. Evid. 803(24).

 Whether a statement is in fact against the interest of the declarant must be determined from the circumstances of each case. *Drone v. State*, 906 S.W.2d 608, 612 (Tex.App.—Austin 1995, pet. ref'd). To be excluded on the basis it would subject the declarant to hatred, ridicule or disgrace, the statement must be in the context of the declarant's social interests. *Owens v. State*, 916 S.W.2d 713, 718 (Tex. App.—Waco 1996, no pet.). And, to qualify as an exception under Rule 803(24), the statement must be against the declarant's interest *at the time it was made. Bell v. State*, 877 S.W.2d 21, 24 n. 2 (Tex.App.—Dallas 1994, pet. ref'd).

 Based upon a reading of the entire note, and evaluating the circumstances as to its alleged origin and subject matter, the note would not be admissible under this exception to the hearsay rule. If this is S. O.'s note, it is to a friend, and she is boasting about having a sexual relationship with a "sexy boy." This is not the type note that would be admissible over the State's hearsay objection as a statement against interest. Burks ignores that the note was not intended by S. O. to be publicly disclosed and was made to a friend in confidence. Thus, for the purposes for which the statement was made and at the time it was made, it was not of a nature that would have subjected her to "hatred, ridicule, or disgrace, that a reasonable person in declarant's position would not have made the statement unless believing it to be true." Tex.R. Evid. 803(24). The trial court properly sustained the hearsay objection.

**RULE 412**

 We have determined that the evidence was properly excluded on the basis of the State's hearsay objection. Burks argues that the note is admissible under Rule 412, the rape shield evidence rule. His argument is without merit. Rule 412 does not provide Burks with a vehicle to overcome the exclusion of inadmissible hearsay evidence. Tex.R. Evid. 412.

**CONCLUSION**

Having determined that the evidence was properly excluded as hearsay and rejected Burks's argument that the evidence is admissible under Rule 412, Burks's sole issue is overruled. Burks's convictions are affirmed.