Opinion issued June 5, 2008












In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00472-CR






ALVIN EARL MURPHY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 185th District Court

Harris County, Texas

Trial Court Cause No. 1055439




 


MEMORANDUM OPINION

 Appellant Alvin Earl Murphy was convicted by a jury of sexual assault. See
Tex. Penal Code Ann.§ 22.011 (Vernon Supp. 2007). Appellant pleaded true to two
enhancement paragraphs that he had a previous felony conviction for burglary and a
previous felony conviction for possession of a controlled substance. The jury
assessed punishment at imprisonment for 61 years. Appellant brings a single issue,
challenging the trial court's refusal to admit evidence that the victim, V.Y., had
sexual contact with her boyfriend on the day of the sexual assault. We affirm.

 V.Y. testified at trial that appellant--her father--sexually assaulted her. DNA
evidence was also introduced at trial that a vaginal swab from V.Y. tested positive for
semen and that appellant could not be excluded as a contributor. Appellant attempted
to introduce testimony from the nurse who examined V.Y. concerning V.Y.'s
statement to the nurse that V.Y. had sexual contact with her boyfriend on the day of
the sexual assault. The trial court ruled that the evidence was inadmissible under
Texas Rule of Evidence 412, the rape shield rule, and allowed appellant to make an
offer of proof containing the nurse's testimony. Appellant did not attempt to
introduce testimony from either V.Y. or her boyfriend.

 In his single point of error, appellant contends that the nurse's testimony was
admissible under two exceptions to Rule 412: (1) the evidence was necessary to rebut
or explain scientific or medical evidence offered by the State (Rule 412(b)(2)(A)) and
(2) the evidence was constitutionally required to be admitted (Rule 412(b)(2)(E)). 
Appellant did not preserve error in the trial court by arguing that the nurse's
testimony was admissible under Rule 412(b)(2)(E), but instead relied solely on Rule
412(b)(2)(A). Appellant therefore has waived any argument based on Rule
412(b)(2)(E). See Tex. R. App. P. 33.1(a)(1); Tex. R. Evid. 103(a).

 In the offer of proof, the nurse testified that V.Y. said she had sexual contact
with her boyfriend on the day of the sexual assault. Appellant's counsel also stated
that he would have asked the nurse about a note in the medical records that "they
needed to get an additional . . . swab" from V.Y.'s boyfriend. Appellant did not
attempt to cross-examine V.Y. or her boyfriend on this issue.

 Appellant's offer of proof is based on hearsay evidence. Rule 412 cannot be
used to get otherwise inadmissible testimony before the jury. See Kennedy v. State,
184 S.W.3d 309, 315 (Tex. App.--Texarkana 2005, pet. ref'd). Accordingly, we
conclude that the trial court correctly denied appellant's attempts to introduce hearsay
testimony concerning whether V.Y. had sexual intercourse with her boyfriend on the
day of the sexual assault. See Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim.
App. 1990) (holding that trial court's judgment will be upheld if supported by any
applicable legal theory).

 We overrule appellant's point of error and affirm the judgment of conviction.

 


 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).