# NO. 12-23-00234-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JERAD LEE REAMY,*<br>*APPELLANT* | § | *APPEAL FROM THE 369TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jerad Lee Reamy appeals his conviction for aggravated sexual assault. He presents three issues on appeal. We affirm.

### BACKGROUND

Appellant was charged by indictment with three counts of aggravated sexual assault. The State alleged that Appellant exhibited a firearm while sexually assaulting his wife, Kimberly, in August 2021. He pleaded "not guilty," and the matter proceeded to a jury trial.

At the time of the offense, Kimberly and Appellant were discussing potential divorce, which has since been finalized. At trial, Kimberly testified that the couple was scheduled to attend a counseling session on August 13, 2021, but it was cancelled. The couple, alone in their Jacksonville home, discussed divorce and then Appellant asked Kimberly to have sex. She declined. According to Kimberly, Appellant kept asking and she repeatedly declined. Then Appellant displayed a handgun and ordered her to put her hands in front of her while he bound her wrists with duct tape. While keeping the gun pointed at her, he forced her to the rear of the house where he cut off her clothes and made her perform oral sex. Appellant then raped her vaginally and anally.

Appellant testified in his own defense at trial. According to Appellant, the entire encounter was consensual. He claimed that the couple agreed this would be the last time that they had sex, and they should act "like they did in 50 Shades of Gray." Appellant testified that Kimberly did not resist when he cut off the duct tape and placed it around her wrists. He further testified that he only began to cut her shirt because her taped wrists prevented the shirt from being lifted over her head. However, he said that he stopped cutting it when she said that she did not want it ruined. At that point, Appellant claims he removed the tape, which meant Kimberly's wrists were not taped while the couple had sex. He denied exhibiting a gun.

Ultimately, the jury found Appellant "guilty," and sentenced Appellant to forty years imprisonment.[1] This appeal followed.

## PREVIOUS SEXUAL ACTIVITY

In his first issue, Appellant contends the trial court abused its discretion when it excluded evidence of Kimberly's sexual activity with her boyfriend.

### Standard of Review and Applicable Law

We apply an abuse of discretion standard when reviewing issues relating to the trial court's admission of evidence. *Page v. State,* 213 S.W.3d 332, 337 (Tex. Crim. App. 2006). "If the ruling was correct on any theory of law applicable to the case, in light of what was before the trial court at the time the ruling was made, then we must uphold the judgment." *Id.* Appellate courts will uphold a trial court's ruling on the admissibility of evidence as long as the trial court's ruling was at least within the "zone of reasonable disagreement." *Id.* (citing *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g)).

In a sexual assault case, opinion or reputation evidence of a victim's past sexual behavior is not admissible. *Alford v. State*, 495 S.W.3d 63, 66-67 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (citing TEX. R. EVID. 412(a)). Evidence of specific instances of the victim's previous sexual conduct may be admitted in certain enumerated circumstances, including when the evidence relates to the victim's motive or bias. TEX. R. EVID. 412(b)(2)(C). However, the probative value of that evidence must outweigh the danger of unfair prejudice. TEX. R. EVID. 412(b)(3). Evidence of a victim's sexual history is to be highly scrutinized for its probative

---

[1] Appellant was tried twice. The first trial resulted in a mistrial after the jury failed to reach a unanimous verdict.

value.  *Cofer v. State*, No. 07-04-0383-CR, 2005 WL 3488935, at *2 (Tex. App.—Amarillo Dec. 21, 2005, no pet.) (mem. op., not designated for publication) (citing *Allen v. State*, 700 S.W.2d 924, 929 (Tex. Crim. App. 1985); *Burks v. State*, 40 S.W.3d 698, 699 (Tex. App.—Waco 2001, pet. ref'd)).

Under Rule 412(b)(3), the proponent of the evidence bears the burden to show the probative value of the evidence outweighs the unfair prejudice of admitting it.  *Stephens v. State*, 978 S.W.2d 728, 733 (Tex. App.—Austin 1998, pet ref'd).  The balancing test under Rule 412(b)(3) "weighs against the admissibility of evidence."  *Id.*

## Analysis

Outside the jury's presence, Appellant testified regarding a sexual encounter and new relationship between Kimberly and her boyfriend, Justin McCarty.  He testified to learning of an adulterous sexual encounter between Kimberly and McCarty through a text message from Kimberly.  He also claimed to have confirmed Kimberly's claims through messages with McCarty.  Appellant testified that the content of those messages showed that Kimberly and McCarty planned to move in together and prevent him from seeing his children.  Appellant had no records of the messages.  He offered a copy of Kimberly's cell phone call log showing a phone call to or from McCarty.  Appellant argued that the existence of Kimberly's relationship with McCarty provided evidence of a motive for her to lie about the assault.  At the conclusion of the hearing, the trial court found that Appellant had not met his burden under Rule 412 and that the evidence is more prejudicial than probative even if it met the rule's requirements.

When the defendant seeks to admit evidence of past sexual behavior because it relates to the complainant's motive or bias, the defendant must "demonstrate a definite and logical link between the complainant's past sexual conduct and the alleged motive and bias." *Stephens*, 978 S.W.2d at 735; *see also* *Todd v. State*, 242 S.W.3d 126, 129 (Tex. App.—Texarkana 2007, pet. ref'd).  Appellant's evidence suggesting that Kimberly falsely accused him is extremely thin.  Appellant did not demonstrate a definite and logical link between Kimberly's past sexual conduct and the alleged motive under Rule 412(b)(2)(C).  *See Stephens*, 978 S.W.2d at 735.  As a result, the trial court did not abuse its discretion in excluding the evidence.

Furthermore, Appellant relied on hearsay statements to support his theory.  Rule 412 cannot be used to get otherwise inadmissible hearsay before the jury.  *See Burks*, 40 S.W.3d at 701; *Kennedy v. State*, 184 S.W.3d 309, 315 (Tex. App.—Texarkana 2005, pet ref'd).  Therefore,

even if the trial court incorrectly applied Rule 412, we would uphold its ruling on this alternate theory. *Kennedy*, 184 S.W.3d at 935.

Based on the foregoing, we overrule Appellant's first issue.


## REMAINING ISSUES

In his second issue, Appellant contends the trial court erroneously allowed the State to attack his credibility in violation of Texas Rule of Evidence 404. And Appellant argues in his third issue that the State improperly commented on his Fifth Amendment right to remain silent.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). An appellant's complaint on appeal must comport with the objection made at trial. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g).

On cross examination, the State questioned Appellant regarding a biological child he fathered and previous statements by which he represented himself as a law enforcement officer. On appeal, Appellant contends this questioning was inadmissible under Texas Rule of Evidence 404. However, at trial, Appellant lodged a relevancy objection to the questions regarding his child and did not object to the questions about his misrepresentations. Appellant's Rule 404 complaints are therefore not preserved because he failed to object on that basis in the trial court. *See* TEX. R. APP. P. 33.1(a)(1); *Medina v. State*, 7 S.W.3d 633, 643 (Tex. Crim. App. 1999) (relevancy objection does not preserve Rule 404 claim). We overrule Appellant's second issue.

During Appellant's presentation of evidence, Appellant testified that his neighbor had a security camera pointed at his household. He further testified that he previously provided a copy of his neighbor's security footage to Jacksonville Police for an investigation into theft of packages. On cross-examination, the State questioned Appellant as to why he failed to mention

this security camera to law enforcement related to this offense. And during its argument, the State, alluding to the supposed security footage, mentioned being "skeptical" of evidence heard for the very first time at trial. On appeal, Appellant contends this constituted an improper comment on his right to remain silent. However, Appellant failed to object during either cross examination or jury argument. As such, Appellant failed to preserve this issue for our review. *See McCallister v. State*, No. 14-04-00375-CR, 2006 WL 461465, at \*2 (Tex. App.—Houston [14th Dist.] Feb. 28, 2006, pet. ref'd) (mem. op., not designated for publication) (citing ***Wheatfall v. State***, 882 S.W.2d 829, 836 (Tex. Crim. App. 1994)) (Fifth Amendment right is forfeitable and must be preserved by objection); *see also **Hernandez v. State***, 538 S.W.3d 619, 622-23 (Tex. Crim. App. 2018) (must preserve improper jury argument claim via objection at trial). Therefore, we overrule Appellant's third issue.

## DISPOSITION

Having overruled Appellant's first, second, and third issues, we ***affirm*** the trial court's judgment.


**BRIAN HOYLE**
Justice

Opinion delivered October 31, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*


(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 31, 2024**

**NO. 12-23-00234-CR**

**JERAD LEE REAMY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 369th District Court

of Cherokee County, Texas (Tr.Ct.No. 21939)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*