Anthony D. ALFORD, Appellant

v.

The STATE of Texas, Appellee

NO. 14–15–00360–CR

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed February 25, 2016.

---

Hattie Sewell Shannon, Bellaire, TX, for Appellant.

Melissa Hervey, Houston, TX, for State.

Panel consists of Justices Jamison, Donovan, and Brown.

## OPINION

Martha Hill Jamison, Justice

Appellant Anthony D. Alford appeals his conviction for sexual assault of a child. *See* Tex. Penal Code § 22.011(a)(2)(A). A jury found him guilty, and the trial court assessed punishment at sixty years' imprisonment. Appellant filed a timely notice of appeal, challenging the trial court's exclusion of evidence of the complainant's past sexual behavior and prior allegations of sexual abuse. We affirm.

## BACKGROUND

The complainant, A.A., accused appellant, her father, of having sexual intercourse with her on multiple occasions when she was fourteen years old. A.A. and her brother moved in with appellant in May 2012, and A.A. claimed that her father began having sex with her in July 2012. The last alleged assault occurred on October 30, 2012. The following day at school, A.A. told her grandmother and a school officer, Lasondra King, about the abuse. A.A.'s grandmother then drove her to the hospital for a sexual assault examination. During that examination, A.A. told the sexual assault nurse examiner that appellant had come into her room while she was in bed and had sex with her the night before. The nurse found a fresh tear in A.A.'s labia minora, a well-healed tear in her hymen, and a bruise on her neck. The nurse collected swabs from A.A.'s genitals and neck to be tested for DNA evidence. When these swabs were later tested, they revealed DNA consistent with the appellant's.

When A.A. returned to school, she received a phone call from appellant. While she was on the phone with appellant, she went to King and turned on speakerphone so King could listen to the conversation. King testified that during that phone conversation she heard appellant admit that A.A.'s accusations were true. Appellant was subsequently charged with sexual assault of a child, to which he pleaded not guilty.

During trial, appellant's defensive theory was that A.A. had fabricated her story in order to change her living situation. On cross-examination of A.A., appellant attempted to ask her about accusations of sexual assault she allegedly had made against others in the past. The State objected, and appellant argued that the testimony was admissible because it was relevant to show A.A.'s bias or motive. Appellant also sought to introduce evidence that A.A. was sexually active, which could explain the well-healed tear in her hymen. When the trial court prohibited the defense from going into either line of questioning, appellant made an in camera offer of proof. In that offer, counsel asked A.A. about separate allegations of sexual abuse she made against a relative, stepfather, and grandfather when she was living with each. A.A. testified that she had accused a relative and her stepfather, but denied making any accusations against her grandfather. Counsel also asked A.A. if she had been otherwise sexually active during the time she alleged her father was abusing her, and she confirmed that she was. After hearing appellant's offer of proof, the trial court excluded the evidence concerning A.A.'s past sexual behavior and prior allegations of abuse.

## STANDARD OF REVIEW

We review a trial court's decision to admit or exclude evidence under an

abuse of discretion standard; we will not reverse the decision if it is within the zone of reasonable disagreement. *Tillman v. State,* 354 S.W.3d 425, 435 (Tex.Crim.App. 2011). We must uphold the trial court's decision if it is reasonably supported by the record and correct under any theory of law applicable to the case. *Willover v. State,* 70 S.W.3d 841, 845 (Tex.Crim.App. 2002).

## DISCUSSION

Appellant argues that A.A.'s excluded testimony was admissible under Texas Rules of Evidence 412 and 613. He contends that the trial court erred in limiting his cross-examination of A.A. and excluding admissible evidence. Appellant also contends that prohibiting him from fully cross-examining A.A. violated his constitutional right of confrontation.

### Confrontation Clause Issue Was Not Preserved

■ Appellant asserts he was denied his constitutional right to confront and cross-examine the complainant. *See* U.S. Const. amend. VI; Tex. Const. art. I, § 10. To preserve error for appellate review, including a constitutional error, the appellant must make a timely, specific objection to the trial court and obtain a ruling on the objection. Tex.R.App. P. 33.1; *Linney v. State,* 401 S.W.3d 764, 772–73 (Tex.App.–Houston [14th Dist.] 2013, no pet.). The point of error on appeal must correspond to the objection made at trial. *Linney,* 401 S.W.3d at 773.

■ At trial, appellant argued that the testimony was admissible under Rules 412(b)(2)(A) and 613, without ever addressing the Confrontation Clause. Making an objection or proffer under the Rules of Evidence does not preserve constitutional issues that are not raised. *See Reyna v. State,* 168 S.W.3d 173, 179 (Tex.Crim.App. 2005). Thus, we hold appellant's argument

at trial did not preserve his Confrontation Clause issue for appeal. *See Ferree v. State,* 416 S.W.3d 2, 7 (Tex.App.–Houston [14th Dist.] 2013, pet. ref'd).

### Past Sexual Behavior Inadmissible under Rule 412(b)(2)(A)

■ Criminal defendants have a constitutionally protected right to cross-examine witnesses. U.S. Const. amend. VI; *Lopez v. State,* 18 S.W.3d 220, 222 (Tex.Crim. App.2000); *Linney,* 401 S.W.3d at 772. Nevertheless, trial courts retain wide latitude to impose reasonable limits on cross-examination and must carefully consider the probative value of the evidence and weigh it against the risks of admission. *Linney,* 401 S.W.3d at 772. These potential risks include the possibility of undue prejudice, embarrassment, or harassment to either a witness or a party, the possibility of misleading or confusing a jury, and the possibility of undue delay or waste of time. *Id.*

■ Appellant argues that A.A.'s testimony regarding whether she was sexually active during the time of the alleged ongoing abuse was necessary to rebut medical evidence offered by the State—specifically, the well-healed tear in A.A.'s hymen. *See* Tex.R. Evid. 412(b). Appellant urges that such evidence is relevant to show that other sexual encounters may have caused the well-healed tear. The State argues that complainant's past sexual history is not admissible because (1) the proposed questioning did not relate to any specific instance and (2) any probative value of the evidence did not outweigh the danger of unfair prejudice.

In a sexual assault case, opinion or reputation evidence of the complainant's past sexual behavior is prohibited. Tex.R. Evid. 412(a). Evidence of specific instances of the complainant's previous sexual

conduct may be admitted, as relevant here, if it is necessary to rebut or explain scientific or medical evidence offered by the State *and* its probative value outweighs the danger of unfair prejudice. Tex.R. Evid. 412(b)(2)(A), (b)(3) (emphasis added).[1] " 'The function of the balancing test of Rule 412(b)(3) is generally consistent with that under Rule 403,' but 'the general balancing test under Rule 403 weighs in favor of the admissibility of evidence, while Rule 412(b)(3) weighs against the admissibility of evidence.' " *Robisheaux v. State,* 483 S.W.3d 205, 223–24 (Tex.App.–Austin 2016, no. pet. h.) (quoting *Stephens v. State,* 978 S.W.2d 728, 732–33 (Tex.App.–Austin 1998, pet. ref'd); *see* Tex.R. Evid. 403, 412(b)(3). We disagree with appellant's contention that this evidence was necessary to rebut or explain the State's medical evidence. Even if the proffered evidence could be construed as dealing with a specific instance of A.A.'s previous sexual conduct as required by the Rule, it does not explain how or when A.A. sustained the hymen tear, let alone rebut the specific charge at issue. *See* Tex.R. Evid. 412(b). Any probative value in explaining that single piece of medical evidence does not outweigh the danger of unfair prejudice inherent in introducing a complainant's past sexual behavior. *See Rankin v. State,* 821 S.W.2d 230, 233 (Tex.App.–Houston [14th Dist.] 1991, no pet.) (finding no abuse of discretion in excluding evidence where witnesses made only vague references to complainant's alleged sexual activity); *see also Kennedy v. State,* 184 S.W.3d 309, 314–15 (Tex.App.–Texarkana 2005, pet. ref'd) (finding no abuse of discretion in excluding evidence that did not explain state's medical evidence). Accordingly, we conclude that the trial court did not abuse its discretion by excluding evidence regarding A.A.'s past sexual behavior.

### Past Allegations of Abuse Inadmissible under Rule 613(b)

Appellant argues that A.A.'s testimony regarding past allegations of sexual abuse was admissible under Rule 613 to show her bias against appellant and her motive to testify untruthfully. *See* Tex.R. Evid. 613(b). He argues that A.A. has used allegations of sexual abuse against family members as a "method of getting her way" and changing her living situations and that these similar accusations are admissible to impeach her testimony.[2]

The State argues that the trial court properly prohibited this line of questioning because there was no evidence the allegations were false and the testimony would not have been relevant or probative of A.A.'s motive to testify falsely or her bias against appellant.

Unlike attacks on a witness's character, which reflect on the witness's truth-telling tendencies generally, attacks concerning bias or interest relate only to the specific litigation or parties. *Dixon v. State,* 2 S.W.3d 263, 269 (Tex.Crim.App. 1998). Rule 613(b) permits a witness to be cross-examined on specific instances of conduct when they are used to establish a specific bias, self-interest, or motive for

---

1. Texas Rule of Evidence 412 states as follows:
   (b) Evidence of specific instances of a victim's past sexual behavior is admissible if: ...
   (2) the evidence:
   (A) is necessary to rebut or explain scientific or medical evidence offered by the prosecutor; ... and

(3) the probative value of the evidence outweighs the danger of unfair prejudice.

2. We note that appellant does not argue that the prior allegations were false; he simply argues that their exclusion left the jury with a false impression about A.A.

testifying in a particular fashion. Tex.R. Evid. 613(b); *Hammer v. State*, 296 S.W.3d 555, 563 (Tex.Crim.App.2009).

We conclude the questions and answers in the offer of proof are not probative of A.A.'s bias, motive, or interest to testify in a particular fashion in this case. If the excluded evidence concerned, for example, A.A.'s animus toward appellant, it might have been probative of her bias towards him or of her motive to testify falsely. However, the excluded evidence concerned her outcry regarding other instances of alleged sexual abuse. It would be probative here only to argue that A.A. lied before; therefore, she is lying in her current testimony. Rule 608(b) provides that a witness's credibility may not be attacked with specific instances of past conduct, with exceptions not at issue here. *See* Tex.R. Evid. 608(b). This means that a cross-examiner may not elicit testimony that a witness has lied in the past for the sole purpose of showing that the witness is generally dishonest and should not be believed in the current case. *Clark v. State*, No. 14–14–00934–CR, 2016 WL 93558, at

*2 (Tex.App.–Houston [14th Dist.] Jan. 7, 2016, no. pet. h.).

No testimony was elicited regarding similarity of the past allegations or the circumstances surrounding the outcry to the facts of this case. Without proof that the alleged incidents were similar, we could hardly conclude that the evidence concerning the past allegations had any relevance or probative value. *See Clark*, 2016 WL 93558, at *2–3. While the law may allow admission of evidence of a prior false accusation of sexual abuse to support a defensive theory in certain circumstances, we shall not look beyond appellant's arguments. Accordingly, the trial court's decision to exclude the testimony was not an abuse of discretion.

Appellant's issue is overruled and the trial court's judgment is affirmed.