

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00096-CR
No. 07-18-00097-CR

JEREME LEE ESCOBEDO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 222nd District Court
Deaf Smith County, Texas
Trial Court No. CR-18A-001 Counts I and II, Honorable Roland D. Saul, Presiding

March 6, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Appellant Jereme Lee Escobedo appeals his two convictions by jury of the felony offense of sexual assault of a child[1] and the resulting life sentence.[2] Appellant's two issues challenge the trial court's exclusion of evidence he offered at trial. We will affirm.

---

[1] TEX. PENAL CODE ANN. § 22.011 (West 2018).

[2] This is a first-degree felony punishable by imprisonment for life or for any term of not more than 99 years or less than 5 years and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 22.011 (West 2018); TEX. PENAL CODE ANN. § 12.32 (West 2018); TEX. PENAL CODE ANN. § 12.42 (West 2018).

Background

Because appellant does not challenge the sufficiency of the evidence to support his convictions, we set forth only those facts necessary to a disposition of his appellate issues. TEX. R. APP. P. 47.1.

Appellant was indicted by two counts of sexual assault of his daughter, B.E., a child under the age of 17. After his not-guilty plea, the jury heard testimony from B.E., from medical professionals, and from appellant. B.E. described an instance in which appellant touched her body in several places, also putting his mouth on her "middle part" and her "boobs." She further told the jury appellant penetrated her vaginally with his penis. Appellant denied this conduct. A medical professional testified that tests performed on appellant and B.E. indicated both were infected with the sexually transmitted disease chlamydia. Documentation of these results was admitted into evidence.

During trial, appellant proffered evidence of B.E.'s sexual conduct with her boyfriend to rebut the State's evidence of the positive chlamydia tests. After an *in camera* hearing, the trial court denied his proffer, finding the evidence to be inadmissible hearsay and more prejudicial than probative.

## Analysis

Admissibility of Evidence Under Rule of Evidence 412

Appellant's first issue contests the trial court's exclusion of his evidence of B.E.'s sexual conduct with her boyfriend. The State's medical evidence that appellant and B.E. tested positive for chlamydia supported the contention that the two had shared sexual

2

contact. Because the State relied on this medical evidence, appellant argues, he should have been allowed to rebut it with his own testimony that B.E. told him she had sex with her boyfriend at a time prior to the medical testing. He contends that once the evidence of the positive chlamydia tests was admitted, the probative value of evidence showing that B.E. could have contracted the disease from someone other than appellant became "crucial" to his defense and the trial court's exclusion of his testimony on that point denied him a defense to the charges against him.

We apply an abuse of discretion standard when reviewing issues relating to the trial court's admission of evidence. *Page v. State,* 213 S.W.3d 332, 337 (Tex. Crim. App. 2006) (citation omitted). The State argues the trial court did not abuse its discretion, for several reasons. We agree the trial court did not abuse its discretion. "If the ruling was correct on any theory of law applicable to the case, in light of what was before the trial court at the time the ruling was made, then we must uphold the judgment." *Id.* Appellate courts will uphold a trial court's ruling on the admissibility of evidence as long as the trial court's ruling was at least within the "zone of reasonable disagreement." *Id.* (citing *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g)).

In a sexual assault case, opinion or reputation evidence of a victim's past sexual behavior is not admissible. *Alford v. State*, 495 S.W.3d 63, 66-67 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (citing Tex. R. Evid. 412(a)). Evidence of specific instances of the victim's previous sexual conduct may be admitted in certain enumerated circumstances; those include when the evidence is necessary to rebut or explain scientific or medical evidence offered by the prosecution. *Id.* (citing Tex. R. Evid. 412(b)(2)(A)). However, the probative value of that evidence must outweigh the danger of unfair

prejudice. *Id.* (citing TEX. R. EVID. 412(b)(3)). Evidence of the sexual history of a victim is to be highly scrutinized for its probative value. *Cofer v. State,* No. 07-04-0383-CR, 2005 Tex. App. LEXIS 10586, at *5 (Tex. App.—Amarillo Dec. 21, 2005, no pet.) (citing *Allen v. State,* 700 S.W.2d 924, 929 (Tex. Crim. App. 1985); *Burks v. State,* 40 S.W.3d 698, 699 (Tex. App.—Waco 2001, pet. ref'd)).

Under Rule 412(b)(3), the proponent of the evidence bears the burden to show the probative value of the evidence outweighs the unfair prejudice of admitting it. *Stephens v. State,* 978 S.W.2d 728, 733 (Tex. App.—Austin 1998, pet ref'd). The balancing test under rule 412(b)(3) "weighs against the admissibility of evidence." *Id.* (citation omitted). Here, the State's evidence showed both B.E. and appellant had positive tests for chlamydia. The tests also showed neither had any other sexually transmitted disease.

We agree with the State that appellant's proffered testimony had little probative value to rebut the inference of his shared sexual contact with B.E., because the testimony included no reason to believe the boyfriend was infected with chlamydia. Without some indication of a connection between the boyfriend and the sexually-transmitted disease, appellant's testimony merely would have invited speculation regarding his role in her infection. Moreover, even if the boyfriend had been shown to be infected with the STD, the evidence he and B.E. had sex would do nothing to explain, or rebut, the inferences to be drawn from appellant's infection with the same disease.[3] It certainly would not prove appellant did not sexually assault B.E.

---

[3] This factor distinguishes this case from the three cases appellant cites. *See Miles v. State,* 61 S.W.3d 682 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd); *Reynolds v. State,* 890 S.W.2d 156 (Tex. App.—Texarkana 1994, no pet.); *Hood v. State,* 944 S.W.2d

4

Other courts have affirmed exclusion of comparable evidence when the evidence did not explain or rebut medical evidence and did not rebut the charge against the defendant. *See Alford,* 495 S.W.3d at 66-67 (trial court did not err when evidence that victim was sexually active during time of alleged abuse did not explain how or when the victim sustained a hymen tear and did not rebut the specific charge against appellant) (citations omitted); *Kennedy v. State,* 184 S.W.3d 309, 314-15 (Tex. App.—Texarkana 2005, pet. ref'd) (trial court did not err by excluding evidence that failed to rebut or explain medical evidence offered by the State).

Given the proffer's low probative value, the trial court acted within its discretion to find the probative value of appellant's proffered evidence did not outweigh the prejudice of admitting it. *See Alford,* 495 S.W.3d at 67 ("[a]ny probative value in explaining that single piece of medical evidence does not outweigh the danger of unfair prejudice inherent in introducing a complainant's past sexual behavior."); *Montgomery v. State,* 415 S.W.3d 580, 584 (Tex. App.—Amarillo, 2013 pet. ref'd) ("Rule 412 strives to balance a defendant's right to defend himself against the need to protect victims from undue public humiliation and ridicule") (citation omitted).

We note also that even when evidence meets the criteria set forth in Rule 412, it may still be inadmissible hearsay. *Burks,* 40 S.W.3d at 701; *Miles,* 61 S.W.3d at 687. Hearsay means a statement that "the declarant does not make while testifying at the current trial or hearing" and that "a party offers in evidence to prove the truth of the matter asserted in the statement." Tex. R. Evid. 801. Hearsay statements are inadmissible

---

743 (Tex. App.—Amarillo 1997, no pet.). In those cases, the proffered evidence gave an alternative explanation for the State's medical evidence, rebutting the State's theory.

unless another statute or rule provides otherwise. TEX. R. EVID. 802. In *Burks,* the court stated that "Rule 412 does not provide . . . a vehicle to overcome the exclusion of inadmissible hearsay evidence." *Burks,* 61 S.W.3d at 687 (citation omitted).

Here, appellant sought to testify that B.E. told him that she had sex with her boyfriend at a time prior to her medical testing for sexually transmitted diseases. This evidence was a statement by B.E. made outside the trial or hearing and was offered for the truth of the matter asserted. It was hearsay. *Burks,* 61 S.W.3d at 700; TEX. R. EVID. 802. We agree with the State the court's ruling was correct for that reason also. The cases cited by appellant do not lead us to a contrary conclusion.

For these reasons, we resolve appellant's first issue against him.

Rule of Evidence 412 Hearing Procedure

In appellant's second issue, he argues the trial court should have allowed both his testimony and that of B.E. during the *in camera* Rule 412 hearing. Rule 412(c) provides in part that "[b]efore offering any evidence of the victim's past sexual behavior, the defendant must inform the court outside the jury's presence. The court must then conduct an *in camera* hearing, recorded by a court reporter, and determine whether the proposed evidence is admissible." The Court of Criminal Appeals has found that "the *in camera* proceeding contemplated by Rule 412 is an adversarial hearing at which the parties are present and the attorneys are permitted to question witnesses." *LaPointe v. State,* 225 S.W.3d 513, 523-24 (Tex. Crim. App. 2007), *cert. denied*, 552 U.S. 1015 (2007).

The following exchange took place during the Rule 412 hearing:

Defense Counsel: I would like to put on evidence, ask [appellant] about the Friday evening movies and the young man that was disclosed in the testimony. He would be able to testify – [appellant] would be able to testify that [B.E.] admitted to him to having sex with this young man when she was supposed to be at the movies . . . the Defense argument could be, "Well, she could've gotten chlamydia from this young man." That is the long and the short of what the evidence is that the State -- or the Defense would try to put on.

State: Your Honor, that would be hearsay. I mean, he can't repeat what [B.E] said.

The Court: That's true.

Defense Counsel: Well, that's what – that's what [appellant] would like to do. That's what – I'm trying to facilitate his wishes.

The Court: All right. So you're saying that the only evidence that would indicate that she might have gotten the sexually-transmitted disease from someone else is the testimony by your client that the victim told him that she had had sex with another young man prior to taking the test.

Defense Counsel: Yes, that is pretty close.

The Court: Because it is strictly hearsay and also because I find that the probative value of the evidence does not outweigh the danger of unfair prejudice and because really there's no other evidence to back it up, I do find that that is not admissible. All right—anything else?

Defense Counsel: No, Your Honor.

The trial court followed the procedure outlined in Rule 412(c). It held an *in camera* hearing, recorded by a court reporter, and permitted the parties an opportunity to offer evidence and question witnesses. Unlike the situation in *LaPointe,* 225 S.W.3d at 515, on which appellant relies, both counsel and appellant were present at the 412 hearing. At no time did appellant request that the trial court allow appellant or B.E. to testify to facts pertinent to the hearing. And, at no time did appellant object to the trial court's procedure or its ruling.

To preserve a complaint for appellate review, a party must present a timely request, objection, or motion to the trial court stating specific grounds for the desired ruling unless the specific grounds are apparent from the context. *See* TEX. R. APP. P. 33.1(a). *See also* TEX. R. EVID. 103(a)(1). The purpose of requiring specificity serves two purposes: (1) to inform the trial court of the basis of the objection and give the court an opportunity to rule on it; and (2) to give the opposing party the chance to respond to the complaint. *Resendez v. State,* 306 S.W.3d 308, 312 (Tex. Crim. App. 2009) (citation omitted). Appellant did not advance an objection of any kind to the Rule 412 hearing. He has not preserved his issue for our review, and we overrule it.

## Conclusion

Having resolved each of appellant's issues against him, we affirm the judgments of the trial court.

James T. Campbell
Justice

Do not publish.