**Opinion issued June 29, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00172-CR

———————————

**JERRY LEE JONES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Case No. 1664154**

## MEMORANDUM OPINION

Appellant Jerry Lee Jones appeals from his conviction for sexual assault of a child under seventeen years of age. TEX. PENAL CODE § 21.11. The complainant, A.G., was the fifteen-year-old daughter of Jones's next-door neighbor. In his sole

issue on appeal, Jones challenges the trial court's exclusion of evidence of A.G.'s sexual history. We affirm.

## Background

Because Jones does not challenge the sufficiency of the evidence, only a brief recitation of the facts is necessary to the disposition of this appeal. Before the start of the 2018 school year, A.G. moved from her mother's house to live with her father. Jones had a son who attended A.G.'s school and offered to drive A.G. to and from school.

On November 15, 2018, Jones called A.G.'s father to let him know A.G. would be late getting home from school because Jones needed to help move a trailer at a nearby Christian recovery center. At the recovery center, Jones's children got out of his vehicle, but A.G. stayed inside. Jones climbed over the console, got into the backseat with A.G., and raped her. He then told his children to get back into the vehicle and drove A.G. home.

Initially, A.G. did not tell anyone about the assault and continued carpooling with Jones and his children. Later that month, however, A.G. confided in her sister, who told their father. A.G.'s father reported the assault to police, and A.G. moved back in with her mother at that time.

Almost one year later, A.G. attempted to overdose on antidepressants. She was treated at a psychiatric hospital and was later interviewed and examined at the

2

Children's Assessment Center. With this information, police obtained a warrant and arrested Jones.

Before trial, the State filed a motion in limine, asking the Court to limit introduction of any evidence of prior sexual conduct of A.G. "unless and until the Court has held a hearing as required by Rule 412 [of the Texas Rules of Evidence], an in-camera hearing reported by the court reporter, followed by all the provisions of Rule 412 that deems the evidence to be admissible." In response, defense counsel stated as follows:

> The allegations brought forth alleged that during the assault that the State just illustrated, my client allegedly took the victim's virginity. And that was mentioned throughout the reports I read through discovery.
>
> And I made it clear to the State that their victim was not truthful about multiple incidents of her claim. But more importantly, my client's son had been engaged in a sexual relationship with the complainant -- with the victim. And it goes to the heart of her credibility that if she's claiming the defendant took her virginity, but having a sexual relationship with his son, they both cannot be true.
>
> I don't want, or intend, to get into the sexual history of the victim. It looks as though the sexual history has already been addressed by the nature of the claim.

The trial court then made the following ruling:

> All right. While that might need to be an issue addressed in trial, a hearing is required. So at this moment, I am granting the Motion in Limine. So when that issue arises, just approach the Court.

Importantly, during the motion in limine discussion, Jones never argued any other rationale for the introduction of the sexual history evidence other than to refute A.G.'s claim that she was a virgin at the time of the assault.

Later, as described in further detail below, Jones argued that the State had "opened the door" to evidence of A.G.'s sexual relationship with Jones's son, J.J. However, he did not argue for the testimony's admissibility under any exception to Rule 412, and he did not make any argument that the evidence was more probative than prejudicial, as required by Texas Rule of Evidence 412(b)(3). Ultimately, the trial court concluded that the door had not been opened and excluded the testimony.

Following trial, the jury found Jones guilty and assessed his punishment at seven years' confinement. Jones appeals.

### Inquiry into Complainant's Sexual History

In his only issue, Jones argues that the trial court abused its discretion by excluding evidence of A.G.'s sexual relationship with J.J. Jones contends that at trial, counsel argued that this evidence was admissible for three reasons: (1) it showed that A.G. had a motive to fabricate a sexual assault; (2) it showed that A.G. and her father were not credible because they denied the existence of a relationship between A.G. and J.J.; and (3) to rebut any testimony that the assault was A.G.'s

4

first sexual encounter.[1] On appeal, he also argues for the first time that the testimony was admissible under the Confrontation Clause of the Sixth Amendment.[2]

## A. Standard of Review and Applicable Law

We review a trial judge's decision on the admissibility of evidence under an abuse of discretion standard. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). A trial judge abuses his discretion when his decision falls outside the zone of reasonable disagreement. *Id.* We afford trial judges wide discretion in limiting the extent and scope of cross-examination. *Hammer v. State,* 296 S.W.3d 555, 561 (Tex. Crim. App. 2009). We will not disturb the trial court's evidentiary

---

[1]  A review of the record demonstrates that Jones only argued the third rationale at trial. Therefore, we cannot consider Jones's other arguments for the admissibility of the evidence, which are raised for the first time on appeal. *See Murphy v. State*, No. 01-07-00472-CR, 2008 WL 2339774, at *1 (Tex. App.—Houston [1st Dist.] Jun. 5, 2008) (mem.op., not designated for publication) (holding that appellant could not raise new Rule 412 rationales for first time on appeal).

[2]  Likewise, Jones did not preserve any argument that the exclusion of evidence violated his Sixth Amendment rights, because he did not argue at trial that the evidence was constitutionally required to be admitted under Rule 412(b)(2)(E). *See* TEX. R. EVID. 412(b)(2)(E) ("Evidence of specific instances of a victim's past sexual behavior is admissible if the evidence is constitutionally required to be admitted."); *see also* Barker *v. State*, No. 01-19-01009-CR, 2021 WL 4733789, at *5 (Tex. App.—Houston [1st Dist.] Oct. 12, 2021, pet. ref'd) (mem. op., not designated for publication) (holding that appellant failed to preserve argument that exclusion of evidence of prior sexual conduct violated his confrontation and due process rights because appellant made the Rule 412(b)(2)(E) argument for the first time on appeal) (citing *Reyna v. State*, 168 S.W.3d 173, 179–80 (Tex. Crim. App. 2005)).

ruling if it is correct under any applicable theory of law, even if the trial court gave a wrong or insufficient reason for the ruling. *Johnson*, 490 S.W.3d at 908.

Evidence of the reputation or opinion of a complainant's past sexual behavior or specific instances of a complainant's past sexual behavior is inadmissible in a trial for sexual assault. *See* TEX. R. EVID. 412(a); *Alford v. State*, 495 S.W.3d 63, 66–67 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). However, this evidence is admissible if it falls within one of the specifically enumerated exceptions outlined in Texas Rule of Evidence 412(b)(2). There is a specific procedure within this admissibility exception for offering evidence of the complainant's past sexual behavior:

> Before offering any evidence of the victim's past sexual behavior, the defendant must inform the court outside the jury's presence. The court must then conduct an in-camera hearing, recorded by a court reporter, and determine whether the proposed evidence is admissible. The defendant may not refer to any evidence ruled inadmissible without first requesting and gaining the court's approval outside the jury's presence.

TEX. R. EVID. 412(c).

## B.     Preservation of Error

The State claims that Jones has failed to preserve his issue for our review because he did not object to the trial court's failure to hold a Rule 412 hearing. The State also argues that even when a trial court fails to hold a Rule 412 hearing, the

party seeking admission must nevertheless present the excluded testimony in some manner to preserve it for appellate review. We agree with the State on both points.

In support of its arguments, the State cites *Perez v. State*, No. 13-17-00650-CR, 2019 WL 5076509 (Tex. App.—Corpus Christi-Edinburg Oct. 10, 2019, no pet.) (mem. op., not designated for publication). In *Perez*, the appellant sought to admit almost identical testimony to that at issue here—testimony that his son was involved in a sexual relationship with the complainant. 2019 WL 5076509 at *6. The procedural history in *Perez* is similar to the instant case as well. Before trial, the court granted the state's motion in limine, requiring the parties to approach the bench prior to any questioning regarding the complainant's sexual history. *Id.* During trial, counsel for appellant approached the bench before appellant's son took the witness stand, and the court ruled that the son could not testify as to any sexual conduct with the complainant. *Id.* Appellant then decided not to call his son to testify. *Id.*

On appeal, the court noted that the appellant did not object to the evidentiary ruling or the court's failure to hold an "in camera" review as required by Rule 412. *Id.* at *7 (citing TEX. R. APP. P. 33.1; TEX. R. EVID. 412(b)). Further, the appellant did not make any offer of proof concerning the son's potential testimony. *Id.* (citing TEX. R. EVID. 103(c)). Therefore, the court concluded the appellant did not preserve the issue for review. *Id.*

Similarly, here, the Rule 412 issue was first presented preemptively by the State in its motion in limine. In response, Jones argued that "it goes to the heart of [A.G.'s] credibility that if she's claiming the defendant took her virginity, but having a sexual relationship with his son, they both cannot be true." The trial court granted the motion and instructed defense counsel to approach the bench "when that issue arises."

During trial, Jones testified in his own defense. On cross-examination, the prosecutor elicited testimony from Jones that he had never told investigators about any relationship between A.G. and his son, J.J. Once Jones finished testifying, his counsel sought a bench conference:

> [Defense Counsel]: Judge, I believe the State has now opened the door for the sexual discussions that prevented me from calling J.J. earlier. I'm contemplating calling him now. But as I was instructed earlier not to do that, but now the State has clearly opened the door. I need a ruling on that before I decide to rest now or have a hearing.

The trial court then excused the jury, and the discussion continued:

> [Prosecutor]: . . . First, I would like to point out that I never used the word "sexual." I never asked about the sexual relationship between . . . J.J. and [A.G.].
>
> The phrase I used was the phrase they used when they cross-examined our witness whether or not J.J. had a relationship with [A.G.].

8

So what they're attempting to do is open their own door when he used it -- when they used it. I wasn't opening the door. . . .

An additional hearing is required under 4.12 [sic] regardless. If they intend to go into that evidence, we have to have a hearing. And the Court has to decide if we have that hearing.

. . . .

THE COURT: Based on my review of the record from Mr. Jones, the defendant, I do not see the word "relationship" and I don't see anything regarding anything of a sexual nature --

. . . .

[Defense Counsel]: . . . [The prosecutor] has clearly opened the door to the sexual relationship by describing what it is he described without using the word "sexual."

And my understanding was I was not to get into that and have crafted my entire defense not using that. . . .

I feel the door has been opened. I was told I could not get into a sexual discussion.

In response, the State argued that the existence of a sexual relationship between A.G. and J.J. "[was] not information that [was] helpful to the jury in any way," and further, under Rule 412, that information was "far more prejudicial than probative, and [Rule 412] requires a balancing test."

Ultimately, the trial court concluded as follows regarding Rule 412:

"[T]here's so much caution the Court has to give to Rule [412], its existence and if it does exist. To get to the

9

hearing, I don't see how this relationship pertains to [412]. I overrule this Defense's objection as to [412]. I don't believe that was opened.

After the trial court's ruling, defense counsel stated that he "still [thought he] might want to call Mr. J.J. . . . I would like to do that." However, when the court asked whether he was calling J.J., counsel admitted that J.J. was not present. When the court asked why he was not available, the following exchange occurred:

> [Defense Counsel]: Well, Judge, I was told by the Court not to talk about the sexual relationship at all. And the majority of testimony was about that. So I've decided to move forward with this line of questioning, and I believe J.J. would be a good witness to rebut that.
>
> THE COURT: There is no door opened with any sexual information or evidence at all from another witness, whoever that may be regarding the complainant in this case and that particular individual at all. There's been no door opened.
>
> [Defense Counsel]: I understand.
>
> THE COURT: What you just stated was the opposite of what I ruled.
>
> [Defense Counsel]: Well, I want to be clear I understand what you ruled on. And I understand the door to sexual stuff has not been opened. However, I believe there's some information that has been revealed now that I think J.J. could probably assist the jury in discovering, and I'm not going to presume to what the State did is probative or not. But full information, the package will need to include --
>
> THE COURT: I just know everybody needs to have their witness here. Call your next. Call your next.

10

[Defense Counsel]: I understand, Judge.

THE COURT: Whether or not you think a ruling can be changed, that's what Motion in Limine is. It's purely that. It can always change depending upon what the evidence is.

The court then "switched gears" and took up a brief discussion of the jury charge before bringing the jury back in to dismiss them for the day. The following day, Jones called J.J. to testify. Though J.J. testified that he snuck into A.G.'s house when her father was not home on multiple occasions, he did not mention a sexual relationship between them. Further, defense counsel did not seek permission from the court to introduce any such evidence. Rule 412 was never mentioned again by either party or the trial court.

As evidenced by the record, counsel for Jones knew that Rule 412 necessitated a hearing ("I need a ruling on that before I decide to rest now or have a hearing"), but he never asked the Court to conduct one, and he did not object to the lack of a hearing. Further, Jones failed to establish what J.J.'s testimony would have been had he been permitted to testify on the issue. Although J.J. was not present on the day that the parties argued the Rule 412 issue before the trial court, J.J. was available and did testify the following day. Thus, Jones could have made his proffer at that time. However, Jones appears to have abandoned the issue of J.J.'s sexual relationship with A.G. by that point, because he did not raise it again,

11

even though the trial court had noted that its ruling on the motion in limine was subject to change at any time.

Based on the foregoing, we conclude that Jones has not preserved the Rule 412 issue for our review. *See* TEX. R. APP. P. 33.1; TEX. R. EVID. 412(b); *Perez*, 2019 WL 5076509 at *7 ("Perez did not object on the record when the trial court made the evidentiary ruling limiting [the son's] testimony, nor did he object when the court failed to hold an 'in camera' review. Further, he did not make an offer of proof regarding [the son's] potential testimony. In light of the foregoing, we conclude that Perez's second issue was not preserved for our review.") (internal citations omitted); *Mbata v. State*, No. 03-12-00215-CR, 2014 WL 1285756, at *2 (Tex. App.—Austin Mar. 26, 2014, pet. ref'd) (mem. op., not designated for publication) (holding that "appellant may not complain on appeal that he was not permitted to present oral testimony at the [Rule 412] hearing when the record plainly demonstrates that counsel for appellant made no request to the trial court to present any such testimony or to examine any witnesses"); *Lunn v. State*, 753 S.W.2d 492, 495 Tex. App.—Beaumont 1988, no pet.) (holding that, in context of Rule 412, appellant failed to preserve error for review where he did not show any testimony he desired to present or questions he wanted to ask complainant which were refused).

## Conclusion

Having determined that Jones failed to preserve error with respect to his sole issue on appeal, we affirm the judgment of the trial court.


Amparo Guerra
Justice

Panel Consists of Chief Justice Adams and Justices Guerra and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).